IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EDWARD PEREZ,

           Plaintiff,

    v.

LYNNE A. DICKISON,

           Defendant.

Case No. 3:20-cv-01520-MO

ORDER TO DISMISS

MOSMAN, District Judge.

    Plaintiff, an inmate at the Eastern Oregon Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. In a separate Order, the Court has granted Plaintiff leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

## BACKGROUND

    Plaintiff alleges that on February 23, 2016, authorities arrested him without probable cause and criminally charged in

1 - ORDER TO DISMISS

Multnomah County in violation of the Fourth Amendment. He asks the Court to immediately expunge his criminal record, award him $2,750,000 in damages, and award him an additional $35,000 for every 19 hours he has spent in custody from February 23, 2016 until the Court grants him relief in this case.

## **STANDARDS**

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, Plaintiff's Complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Dismissal for failure to state a claim is proper if it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Ortez v.*

2 - ORDER TO DISMISS

*Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

## DISCUSSION

The parties to a lawsuit are those that are contained in the caption of the Complaint. Fed. R. Civ. P. 10(a). Plaintiff's Complaint names a single Defendant, a defense attorney from his criminal case. Defense attorneys are not "persons" for purposes of civil rights cases such as these. *Polk County v. Dodson*, 454 U.S. 312, 326 (1981); *see also Miranda v. Clark County, Nev.*, 319 F.3d 465, 468 (9th Cir. 2003).

Even if Plaintiff were to properly name the other individuals discussed within his Complaint as parties to this lawsuit, they are shielded from liability because they are other defense attorneys, prosecutors, judges, or staff members performing official functions. *See Kalina v. Fletcher*, 522 U.S. 118, 123-25 (1997) (prosecutorial immunity); *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004) (judicial immunity).

3 - ORDER TO DISMISS

In addition, a federal civil rights case is neither a substitute for a proper appeal of a criminal conviction or sentence, nor does it constitute a permissible avenue by which to take a successive appeal.[1] *Heck v. Humphrey*, 512 U.S. 477, 489 (1984). Because Plaintiff has not yet invalidated his underlying conviction(s) through a proper proceeding, even if he were able to name a proper Defendant in this case, he would be unable to state a valid claim for pleading purposes. Accordingly, Plaintiff's Complaint is dismissed, without prejudice, for failure to state a claim upon which relief may be granted. *See Trimble v. City of Santa Rosa,* 49 F.3d 583, 585 (9th Cir. 1995) (per curiam) (dismissals pursuant to *Heck* are without prejudice).

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint (#2) is DISMISSED, without prejudice, for failure to state a claim. Because Plaintiff cannot cure all of the deficiencies noted above through amendment, the dismissal is without leave to amend. Plaintiff's pending Motion to Order Service of Summons (#20) and his Motions for Summary Judgment

---

[1] To the extent Plaintiff's criminal proceedings may be ongoing, this action is barred by the abstention doctrine set forth in *Younger v. Harris,* 401 U.S. 37 (1971), which prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court.

4 - ORDER TO DISMISS

(#21, #23, #26) are denied. Additionally, for the reasons set forth above, this Court certifies that any appeal from this Order would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

    IT IS SO ORDERED.

    DATED this   23   day of November, 2020.

                       *Michael W. Mosman*
                       Michael W. Mosman
                       United States District Judge